UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN CARLOS FAXAS GREGORY,

       Petitioner,

    v.                              Case No.:  2:26-cv-02040-SPC-KRH

WARDEN, SOUTH FLORIDA
DETENTION CENTER *et al.*,

       Respondents,

                                  /

## OPINION AND ORDER

Before the Court are petitioner Juan Carlos Faxas Gregory's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 8).

Faxas Gregory is a native of Cuba who entered the United States on January 6, 1970, as a lawful permanent resident. Following multiple convictions for sex crimes, an immigration judge ordered Faxas Gregory removed to Cuba on June 21, 2000. Immigration and Customs Enforcement ("ICE") detained Faxas Gregory from February 10, 2003, to September 30, 2003, when it released him on an order of supervision. Since then, Faxas Gregory has been arrested and convicted of multiple crimes. Most recently, local police arrested him on October 7, 2025, for aggravated assault with a deadly weapon. ICE issued an immigration detainer and took him into custody on October 23, 2025. Faxas Gregory challenges the legality of his detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Faxas Gregory fails to carry his initial burden. He provides no reason to believe ICE cannot remove him in the reasonably foreseeable future. The Court will thus dismiss his petition without prejudice. If Faxas Gregory believes he can show that removal is not likely, he should file a new habeas petition in the district court that serves the place of his detention.

Accordingly, it is hereby

**ORDERED:**

Juan Carlos Faxas Gregory's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case. Because the government recently transferred Faxas Gregory to a different facility and does not forward legal mail to detainees after transferring them, the government must certify it has served this Order on him within three days.

**DONE AND ORDERED** in Fort Myers, Florida on July 7, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record